**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Lewis JUNEAU, Defendant—Appellant.**

**No. 07–30354.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2008.

Filed July 23, 2008.

Joseph E. Thaggard, USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

R. Henry Branom, Jr., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SANDOVAL *, District Judge.

### MEMORANDUM **

Defendant Michael Lewis Juneau appeals his conviction for assault with a dangerous weapon and assaulting, resisting, or impeding a federal officer. Juneau also appeals his sentence of fifty-seven months imprisonment and three years supervised release as well as the district court's order that he pay $3,309.09 in restitution. We affirm.

The district court did not err in permitting testimony concerning gun shots. The evidence was of acts so closely related in character and time to the conduct that formed the basis of the charges against Juneau as to be considered "inextricably intertwined" with the charged offenses. *See United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). It was therefore not inadmissible evidence of "other crimes" under Federal Rule of Evidence 404. *Id.*; *see also United States v. Warren*, 25 F.3d 890, 895 (9th Cir.1994) (holding that "[o]ffenses committed in a single criminal episode do not become inadmissible because the defendant is being tried for only some of his acts"). The gunshot testimony was also relevant because it helped explain why the officers did not continue their pursuit of the suspect, and the district court did not abuse its discretion in deciding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 403.

The district court's handling of a jury note received during deliberations, stating that one of the jurors may be intoxicated, did not constitute plain error. The district court asked counsel for the government and Juneau for recommendations on how to proceed and ultimately chose to question the juror in front of his peers, as Juneau's attorney suggested. The district court accepted the allegedly intoxicated juror's declaration, and thereby found that the juror had imbibed only half a glass of gin and water hours before the day's proceedings commenced and was not under the influence of alcohol at the time of the court's inquiry. There is no evidence that this finding was clearly erroneous, and, accepting the finding as true, the district court fulfilled its obligation to provide Juneau with a "mentally competent" tribunal. *See Tanner v. United States*, 483 U.S. 107, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987); *United States v. Long*, 301 F.3d 1095, 1101 (9th Cir.2002) (holding that a "district court's factual findings relating to the issue of juror misconduct are reviewed for clear error").

The evidence introduced at trial that Juneau was the driver of the fleeing pickup truck that twice backed into an officer's occupied vehicle was sufficient to support Juneau's conviction. Juneau argues that the testimony of the officer who identified Juneau during the commission of the crime was outweighed by the testimony of his three alibi witnesses, but the

---

* The Honorable Brian E. Sandoval, United States District Judge, District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"credibility of witnesses is a question for the jury unreviewable on appeal." *United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir.1999). "[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

■ The sentence the district court imposed was neither procedurally erroneous nor substantively unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). The court properly calculated and considered the advisory Sentencing Guidelines range, thoroughly explained the justification for the sentence it chose, and did not base its decision on any clearly erroneous factual findings. In addition, the district court cited and discussed nearly every § 3553(a) factor, focusing on Juneau's lack of respect for the law, his lack of accountability, his unwillingness to accept responsibility, the deliberateness with which he assaulted a federal officer, and the need for incapacitation and specific deterrence. The district court's decision to impose a fifty-seven month term of incarceration, followed by three years of supervised release, was therefore not an abuse of discretion. *Id.*

■ The district court's restitution order was neither outside its discretion nor premised on clearly erroneous factual findings. *See United States v. Brock–Davis,* 504 F.3d 991, 996 (9th Cir.2007) (articulating the applicable standard of review). The district court properly considered all evidence introduced concerning the damages to the Bureau of Indian Affairs (BIA) vehicle, and that evidence was sufficient to support the court's determination that Juneau's criminal conduct was responsible for a loss of $3202.09. The government presented an affidavit from the driver of the damaged vehicle that attested that Juneau caused the damages as part of the commission of the crimes for which he was convicted. The affidavit also included a copy of GSA Form 2556, which showed a charge to the BIA in the amount of $3202.09. It was within the court's discretion to resolve Juneau's challenge to the credibility of the officer and his affidavit, *United States v. Rice,* 38 F.3d 1536, 1542 (9th Cir.1994), and Juneau failed to offer any evidence to substantiate his allegations that the reported repair costs were inaccurate or that they included damages not attributable to his conduct. *See Brock–Davis,* 504 F.3d at 1002. Finally, Juneau is mistaken that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), required the government to prove the amount of damages at trial. *United States v. Bussell,* 414 F.3d 1048, 1060 (9th Cir.2005) ("In contrast to its application of the Sentencing Guidelines, the district court's orders of restitution and costs are unaffected by the changes worked by *Booker.*").

**AFFIRMED.**